**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:09-CR-029-GKF-TLW |
| ) | |
| RONALD LEE STEWART, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On June 3, 2011, Ronald Lee Stewart ("Stewart"), a federal inmate appearing *pro se*, filed a request for an extension of time to file a motion under 28 U.S.C. § 2255. (Dkt. #99). Stewart states his belief that his deadline for filing such a motion is May 17, 2011.

Title 28 U.S.C. § 2255(f) establishes a one-year period of limitation for filing an application for a writ of habeas corpus. In general, a petitioner seeking habeas corpus relief from a federal conviction must file his federal habeas corpus petition within one (1) year of the date his conviction became final. *See* 28 U.S.C. § 2255(f)(1). A conviction is not final for purposes of the one-year limitation period until the ninety (90) day period during which a defendant could have filed a petition for writ of *certiorari* in the United States Supreme Court has expired. *U.S. v. Burch*, 202 F.3d 1274, 1278-79 (10th Cir. 2000). In this case, the Tenth Circuit concluded direct review on May 17, 2010, when it affirmed Stewart's conviction and sentence. It does not appear that Stewart filed a petition for writ of *certiorari* in the United States Supreme Court. If he did not, then his conviction became final 90 days after the Tenth Circuit concluded direct review, and Stewart must file his application for a writ of habeas corpus within one (1) year of August 17, 2010, or by August 17, 2011.

In his motion, Stewart requests that his deadline for seeking habeas corpus relief be extended. The Court lacks authority to grant the requested relief. For that reason, the motion for extension of time must be denied. Should Stewart wish to file a petition for writ of habeas corpus, he must do so within the one-year period or be able to demonstrate entitlement to statutory or equitable tolling of the limitations period should he file his petition after expiration of the one-year period. Stewart's request for an extension of time to file his petition for writ of habeas corpus did not stop the running of the limitations clock. In addition, nothing in this Order should be construed as an assurance concerning the timeliness of any petition.

In order to commence a habeas corpus action in this Court, Stewart shall be required to file a petition using the court-approved form. *See* LCvR9.2(a). In his petition, Stewart shall identify the conviction(s) he is challenging and set forth each claim demonstrating that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2255(a). Stewart shall also name the proper respondent. The proper respondent in a habeas corpus action is the federal officer having custody of Stewart.

**IT IS HEREBY ORDERED** that Randal Lee Stewart's request for an extension of time to file a § 2255 motion for consideration (Dkt. #99) is denied.

DATED THIS 6th day of June, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma